UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abdou Tall,<br><br>        Petitioner,<br><br>     -against-<br><br>William Joyce, et al.,<br><br>        Respondents. | 25-CV-9781 (AS)<br><br>ORDER |

Arun Subramanian, United States District Judge:

On November 24, 2025, Petitioner Abdou Tall filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, assisted by next friend Madou Kone, while Petitioner was present in the Southern District of New York. (ECF 1.)  The Court issues the following orders. The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this Order has been issued at the following email address: jeffrey.oestericher@usdoj.gov.

*First*, respondents are enjoined from transferring petitioner to any location outside the Southern District of New York absent this Court's prior approval.

*Second*, respondents should respond to the motion for a temporary restraining order on or before **December 2, 2025** at **5:00 PM**. Petitioner may file a reply on or before **December 8, 2025**.

*Third*, the Court finds that the appointment of *pro bono* counsel is appropriate in this case. In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn

on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner. In particular, the facts of Petitioner's detention present complex legal questions. Moreover, Petitioner's abilities to present his case and conduct any related fact investigation are significantly limited due to his incarceration and the emergency nature of his petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Petitioner should be prepared to proceed with the case *pro se*. If an attorney volunteers, the attorney will contact Petitioner, or her next friend, directly.

If Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.

The Clerk of Court is further directed to send by regular mail a copy of this order to the Petitioner's next friend, Madou Kone. Petitioner's next friend may receive court documents by email by completing the form, Consent to Electronic Service.[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    November 25, 2025
          New York, New York

_____
          Arun Subramanian
          United States District Judge

---

[1] If Petitioner and/or next friend consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.