UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abdou Tall,<br><br>        Petitioner,<br><br>   -against-<br><br>William Joyce et al.,<br><br>        Respondents. | 25-CV-9781 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

 The Court orders petitioner's release within 24 hours. Consistent with its prior decision in *J.G.O. v. Francis*, 2025 WL 3040142, the Court finds that petitioner is detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b)(2). At the December 19, 2025 hearing, the government conceded that it neither adhered to any of the procedures required by regulation on a § 1226(a) detainment, nor exercised discretion to arrest and detain petitioner, because it acted under its (legally mistaken) view that petitioner's arrest and detention were mandatory under § 1225(b)(2). Release is the "typical remedy" for "unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). And here it is the proper remedy for the government's failure to comply with its own procedures, consistent with numerous courts that have reached the same conclusion. *See, e.g.*, *Lopez-Benitez v. Francis*, 795 F. Supp. 3d 475, 496–97 (S.D.N.Y. 2025); *Tumba v. Francis*, 2025 WL 3079014, at *8–9 (S.D.N.Y. Nov. 4, 2025); *Campbell v. Almodovar*, 2025 WL 3538351, at *12–13 (S.D.N.Y. Dec. 10, 2025).

 As petitioner's counsel conceded at the hearing, this order does not preclude the government from revoking petitioner's parole, and arresting and detaining him in the future, as long as it follows the legally mandated procedures that would apply.

  SO ORDERED.

Dated: December 23, 2025
   New York, New York

                       ARUN SUBRAMANIAN
                       United States District Judge