

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

May 15, 2026

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

     Re: *Tall v. Joyce et al.*, No. 25 Civ. 9781 (AS)

Dear Judge Subramanian:

     This Office represents the respondents in this case, in which petitioner Abdou Tall ("Petitioner") filed a petition for a writ of habeas corpus challenging his immigration detention, which this Court granted and ordered Petitioner released on December 23, 2025. ECF No. 31. On March 23, 2026, Petitioner filed a motion seeking attorneys' fees under the Equal Access to Justice Act ("EAJA"); that motion is now fully briefed. On May 4, 2026, the Court entered an order directing the parties to meet and confer "to discuss whether there's any resolution that can be reached between them as to the fee issue. If not, the parties can so inform the Court, and the Court will resolve the motion." ECF No. 41. Having met and conferred per the Court's instructions, the parties now write to inform the Court that they were not able to agree on a voluntary resolution of the EAJA fees issue, and thus respectfully request that the Court resolve the pending motion.

     We thank the Court for its consideration of this submission.

The motion for fees, Dkt. 35, is DENIED. "The issue for EAJA purposes is not what the law is when the EAJA application is made, but rather whether the government was substantially justified in believing the law not to have foreclosed its position during the underlying litigation." *CFTC v. Dunn*, 169 F.3d 785, 787 (2d Cir. 1999). The government's arguments in this case were made before they were ultimately rejected by the Second Circuit in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). Thus, they were not legally foreclosed. And, as to the merits of those arguments, they have since persuaded multiple federal courts of appeals, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). While the Court believes that the government's interpretation of the relevant statutory provisions is not the right one, it cannot deny that there is room for good-faith disagreement. The Court therefore declines to find that the government's position was not substantially justified, and denies the motion for fees.

The Clerk of Court is respectfully directed to terminate Dkt. 35.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: June 3, 2026

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   s/Jean-David Barnea
    JEAN-DAVID BARNEA
    Assistant United States Attorney
    Tel. (212) 637-2679
    Jean-David.Barnea@usdoj.gov

      cc:    Counsel of Record (by ECF)